[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10088
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-21483-WMH


SCOTT JENSEN,
LAURA JENSEN,

                                                          Plaintiffs - Appellants,

versus

MIAMI-DADE COUNTY CORRECTIONS AND
REHABILITATION DEPARTMENT,

                                                          Defendant - Appellee,

COUNTY MAYOR CARLOS ALVAREZ,

                                                          Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 14, 2015)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Scott Jensen appeals the district court's grant of summary judgment to Miami-Dade County (the "County") on his deliberate indifference claim under 42 U.S.C. § 1983.[1] His central allegation is that correctional officers employed by the County savagely beat him while he was in their custody. Because the record is devoid of evidence that the County's policymakers were on notice of any pattern of use of excessive force in the County's detention facilities, we affirm.[2]

A county may not be held liable under § 1983 unless officials with "final policymaking authority" promulgate or permit the practice that caused a constitutional violation. *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1330 (11th Cir. 2003). When a plaintiff's theory of liability is that a county failed to train its personnel sufficiently to avoid violation of a constitutional right, "a plaintiff must present some evidence that the municipality knew of a need to train and/or

---

[1] Although the appellant's brief refers to Laura Jensen as a party to this appeal, she is not a party. She voluntarily dismissed her only claim, a state law claim for loss of consortium, before the district court issued its final summary judgment order on the sole remaining count in the action.

Further, we note that after the deadline to file his reply brief had passed, Mr. Jensen moved this Court to accept the brief out of time and attached the brief to his motion. We grant his motion.

[2] We review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *See Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 800 (11th Cir. 2015).

2

supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

Mr. Jensen failed to meet this burden.[3]  He acknowledges that discovery was fruitless in this regard:  the County's former Mayor and the former director of the County's corrections department—the only witnesses deposed who could speak to this issue—denied knowledge of any excessive force problems in the County's detention facilities.  The former Mayor insisted under oath that he "would not have . . . tolerated" a systematic excessive force problem had he known of one.  Doc. 172-1 at 3.  The former director of corrections testified in his deposition to a subjective belief during his tenure that there was no "significant issue of concern regarding the use of force . . . ."[4]  Doc. 184-1 at 30.  Regardless of whether these witnesses' perceptions were accurate or reasonable, absent evidence to the contrary, their testimony is conclusive of the issue of knowledge.  Although Mr. Jensen expresses incredulity about their testimony, no record evidence substantiates his contention that the Mayor or another County official with

---

[3] Mr. Jensen relies almost exclusively on a Department of Justice investigation and report identifying a pattern of excessive force in County detention facilities.  But, the investigation and report cannot create a genuine issue of material fact concerning the County's awareness of such a pattern because the constitutional violation Mr. Jensen alleges took place months before the investigation began.  Accordingly, the Department of Justice's involvement could not have put the County's policymakers on notice.

[4] Thus, as the district court emphasized, the former director of corrections never found cause to alert the Mayor to any excessive force problem.  And, even if we assume *arguendo* that the former director had final policymaking authority, his testimony is the only evidence probative of his knowledge.

policymaking authority knew or must have known about a pattern of excessive force.  The district court correctly found that no genuine issue of material fact remained for trial.[5]  *See* Fed. R. Civ. P. 56(a).

**AFFIRMED.**

---

[5] Because we find no evidence that a County policymaker was on notice of any pattern of excessive force, we need not review the district court's conclusion that Mr. Jensen failed to present a triable issue of fact regarding the immediate cause of his injuries.